IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| IOWA PROTECTION AND ADVOCACY SERVICES, INC. | ) ) ) | NO. 4:02-CV-10112 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | COMPLAINT AND REQUEST FOR |
| RES-CARE PREMIER, INC., d/b/a | ) | A PRELIMINARY INJUNCTION |
| VICTORIAN ACRES | ) | AND OTHER INJUNCTIVE AND |
| REHABILITATION, | ) | DECLARATORY RELIEF |
| | ) | |
| Defendant. | ) | EXPEDITED HEARING REQUESTED |
| | ) | ON PRELIMINARY INJUNCTION |

COMES NOW Plaintiff, Iowa Protection and Advocacy Services, Inc. and hereby states

as follows:

**PRELIMINARY STATEMENT**

1.     Iowa Protection and Advocacy Services, Inc. (hereinafter Iowa P & A) is an

independent, non-profit agency that is created by federal law to serve individuals with

disabilities.  Congress enacted 29 U.S.C. section 794e, *et seq.* with the purpose of protecting the

legal and human rights of individuals with disabilities who are ineligible for protection and

advocacy programs under part C of the Developmental Disabilities Assistance and Bill of Rights

Act of 2000, 42 U.S.C. section 15041, *et seq.*, and the Protection and Advocacy for Individuals

with Mental Illness Act, 42 U.S.C. section 10801, *et seq.*

2.      Res-Care Premier, Inc. (hereinafter "Res-Care") is a Delaware Corporation, and its principal place of business is located at 10140 Linn Station Road, Louisville, Kentucky 40223.

3.      Res-Care operates a residential care facility for persons with traumatic brain injury in Altoona, Iowa, under the fictitious name of Victorian Acres Rehabilitation (hereinafter "Victorian Acres").

4.      This action relates to denial of access to conduct an investigation of abuse and neglect at Victorian Acres.

5.      This Court has jurisdiction over this case pursuant to 28 U.S.C. section 1331, federal question jurisdiction, and 28 U.S.C. section 1343, as this matter pertains to a violation of 29 U.S.C. section 794e, *et seq.*

6.      Venue is proper under 28 U.S.C. section 1391(b).

7.      Iowa P & A operates under a federal mandate to conduct abuse and neglect investigations to ensure protection and advocacy for individual rights pursuant to 29 U.S.C. section 794e(f)(2) (2000), and 42 U.S.C. section 15041, *et seq.*

8.      The State of Iowa has designated Iowa P & A as an appropriate agency for conducting such independent investigations. See Exhibit "A" attached hereto and incorporated by this reference.

9.      Under 29 U.SC. section 794e(f)(2) Iowa P & A has the same general authority, including access to records as set forth in subtitle C of the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. section 15041, *et seq.*

10.     Under 29 U.S.C. section 794e(f)(2) and 42 U.S.C. section 15043(a)(2)(B), Iowa P & A is authorized to investigate incidents of abuse and neglect of individuals with individuals with disabilities if the incidents are reported to Iowa P & A or if Iowa P & A has probable cause to believe that the incidents occurred.

11.     Under 29 U.S.C. section 794e(f)(2) and 42 U.S.C. section 15043 Iowa P & A is afforded access to residents, records, and facilities in the State of Iowa.

12.     Pursuant to 29 U.S.C. section 794e(f)(2) and 42 U.S.C. section 15043(a), Iowa P & A is to have immediate access, not later than 24 hours after Iowa P & A makes a request for the records without consent from the other party.

13.     Iowa P & A also is authorized to investigate potential abuse and neglect under Iowa Code Chapters 135B, 135C and 135H.

14.     The authorized investigations referred to in paragraphs 10-13, include access to a facility's staff and records relating to the purported victim, including but not limited to treatment plans, nursing and other staff progress notes, physician orders and progress notes; social history, medical history and physical, medication lists and medication administration records, and incident reports; restraint and seclusion records; IHPs; facility policies, procedures, directives and guidelines in effect at the time of the alleged incident; communication with the facility's staff relating to the purported victim's treatment; access to all areas of the facility; access and communication with other residents; and access to other records and information necessary to complete the investigation.

## FACTS

15.     On or about January 29, 2002, Iowa P & A received a report that a resident of Victorian Acres had been assaulted.

16.     On January 31, 2002, David Parr from Iowa P & A contacted Eric Kantu at Victorian Acres.

17.     Mr. Parr informed Mr. Kantu of Iowa P & A's authority and requested information regarding the reported assault.

18.     Mr. Kantu refused to release any information and claimed he could not release the information due to client confidentiality.

19.     The next day, Marsha Gelina, Bonnie Kerns, and Mr. Parr, investigators from Iowa P & A, went to Victorian Acres to investigate the reported assault.

20.     Mr. Kantu met the investigators in the parking lot and asked them to leave.

21.     Melissa Gonzalez then came out of the facility and greeted the Iowa P & A investigators.

22.     In accordance with Iowa P & A's mandate, the investigators requested access to the facility to conduct an investigation into the alleged abuse.

23.     Mr. Parr told Ms. Gonzalez that Iowa P & A had probable cause to believe that a physical assault had taken place at Victorian Acres and that Iowa P & A was there to investigate.

24.     Ms. Gonzalez stated that Victorian Acres is a private facility, and asked the investigators to leave.

4

25.     Mr. Parr presented Ms. Gonzalez with a letter outlining Iowa P & A federal authorization and Iowa P & A's request for specific information.  See Exhibit "B" attached hereto and incorporated by this reference.

26.     Ms. Gonzalez stated that she would need to confer with the facility administrator and legal counsel regarding the letter.

27.     A person named Julie then came out and stated that Iowa P & A was on private property and asked the investigators to leave.

28.     Julie refused to identify her last name.

29.     Ms. Gelina asked if Julie understood the federal mandate, and she responded that the investigators were on private property and needed to leave.

30.     Iowa P & A's investigators attempted in good faith to discuss their right to access with Victorian Acres.  See Exhibits "C", "D", and "E" attached hereto an incorporated by this reference.

31.     Victorian Acre's conduct throughout this process has interfered with and hampered the Congressionally-mandated function and duties of Iowa P & A, and has caused irreparable harm to the investigation specifically.

32.     Subsequent to visiting the facility, Iowa P & A received additional allegations of ongoing abuse and neglect to the residents of Victorian Acres.  See Exhibit "E".

## CAUSES OF ACTION

33.     Plaintiff restates and incorporates by this reference each allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34.     The policy and actions of Res-Care violate the right of Iowa P & A to meaningful

and timely access to the records concerning the reported assault, as well as to the other residents

and records of the facility in violation of 29 U.S.C. section 794e and 42 U.S.C. section 15041, *et*

*seq.*, and Defendant's policy and actions, unless enjoined will violate Iowa P & A's right to that

information in the event of future probable cause determinations.

## INJUNCTIVE RELIEF

35.     Iowa P & A seeks a preliminary injunction enjoining Res-Care, its agents and

employees, from denying Iowa P & A full and immediate access to the records of the residents

and residents of the facility.

36.     Iowa P & A seeks, after trial, that the Court permanently enjoin Res-Care, its

agents and employees, from denying Iowa P & A full and immediate access to the records of

residents and residents at Victorian Acres if a complaint is received and/or Iowa P & A

determines that probable cause exists to believe that abuse, death or neglect has occurred.

## DECLARATORY RELIEF

37.     Iowa P & A requests that after notice and hearing, this Court enter a declaratory

judgment that Res Care's policies, regulations, practices and conduct of interfering with and

denying Iowa P & A proper and immediate access violates 29 U.S.C. section 794e and 42 U.S.C.

section 105041, *et seq.*

## PRAYER

WHEREFORE, Plaintiff Iowa Protection & Advocacy Services, Inc., requests that this

Court:

A.      Enter a preliminary injunction enjoining Defendant Res-Care Premier, Inc., d/b/a

Victorian Acres, its agents or employees from denying Plaintiff full and immediate access to the

records of all individuals receiving services at Victorian Acres.

B.      Enter a permanent injunction enjoining Defendant, its agents or employees from

denying Plaintiff full and immediate access to the records of all individuals receiving services at

Defendant if a complaint is received and/or probable cause exists to believe that abuse or neglect

has occurred.

C.      Enter a declaratory judgment that the Defendant's policies, regulations, practices

and conduct of denying access violates 29 U.S.C. section 794e and 42 U.S.C. section 15041, *et

seq.*

D.      Award attorney fees to Plaintiff based on Defendant's willful violation of federal

law.

E.      Award such other relief that the Court deems equitable and just.

Sharon K. Malheiro  329506257
Heather L. Palmer  PK0016243
The Financial Center
666 Walnut, Suite 2500
Des Moines, Iowa  50309-3993
Telephone:  515/288-2500
Facsimile:  515/243-0654

ATTORNEYS FOR PLAINTIFF

ORIGINAL FILED.

Attachment 3

Department of Health and Human Services
Office of Human Development Services
Administration on Developmental Disabilities
200 Independence Avenue, S.W.
Washington, D.C.   20201


Suggested Format for Submittal of
Protection and Advocacy System Assurances


State        :  Iowa

P&A Agency:  Iowa Protection & Advocacy Services, Inc.


[ ]  Public Agency                  [X]  Other    (Private Non-Profit)


        P&A Agency                   Address where grant award
                                     is to be mailed.
Address:  3015 Merle Hay Rd., Ste. 6  Address:  3015 Merle Hay Rd., Ste. 6
          Des Moines, IA 50310                   Des Moines, IA 50310

Telephone:    515/278-2502      Telephone:  515/278-2502


_____ Date: April 29, 1991
Chief Executive Officer
              or
Designated State Official


Attachment A:  Protection and Advocacy
               System Assurances



**IOWA
PROTECTION
AND
ADVOCACY
SERVICES**

3015 Merle Hay Rd.
Suite 6

Des Moines, Iowa
50310-1270

Telephone
515.278.2502

Toll Free
1.800.779.2502
•
FAX:
515.278.0539

TTY
515.278 0571

E-mail:
info@ipna.org

February 1, 2002

Victorian Acres Res. Care
4201 NE 56ᵗʰ St.
Altoona, Iowa 50009

To Whom It May Concern:

Iowa Protection and Advocacy Services, Inc. is an independent, not-for-profit agency charged under the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15001 et seq. and the Protection and Advocacy for the Mentally Ill Act of 2000, 42 U.S.C. § 10801 et seq.

This letter notifies you that Iowa Protection and Advocacy Services, Inc. (Iowa P&A) is conducting a routine monitoring of your facility.

Dave Parr, Marsha Gelina, and Bonnie Kern are duly appointed and authorized agents of Iowa P & A as per 42 C.F.R. § 51.42(a) (2001), and will be monitoring your facility today.

Under the state and federal statutes and regulations cited above Iowa P & A is authorized to initiate a full investigation of suspected abuse and/or neglect of the residents of your facility at any time that it receives a report of abuse or neglect. Additionally, at any time that Iowa P & A agents have probable cause to believe that abuse or neglect of a resident has occurred or is likely to occur, Iowa P & A agents may initiate a full investigation of your facility.

Under federal regulations, the term "full investigation" means "access to facilities, clients and records authorized under these regulations, that is necessary for a protection and advocacy . . . system to make a determination about whether alleged or suspected instances of abuse and neglect are taking place or have taken place." 45 C.F.R. § 1386.19 (2001); 42 C.F.R. § 51.2 (2001).

Under federal regulations, the term "probable cause" means "a reasonable belief that an individual with developmental disabilities has been, or may be, subject to abuse or neglect." 45 C.F.R. § 1386.19 (2001); 42 C.F.R. § 51.2 (2001). "Determination of 'probable cause' may result from P&A system monitoring, or other activities, including observation by P&A system personnel, and reviews of monitoring and reports prepared by others . . . ." 42 C.F.R. § 51.31(g) (2001). Furthermore, the protection and advocacy system agents are the ones who decide when probable cause exists, based on "reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems . . . ." 45 C.F.R. § 1386.19 (2001); 42 C.F.R. § 51.2 (2001).

**EXHI**



**IOWA
PROTECTION
AND
ADVOCACY
SERVICES**

●

3015 Merle Hay Rd.

Suite 6

Des Moines, Iowa

50310-1270

Telephone

515.278.2502

Toll Free

1.800.779.2502

FAX:

515.278.0539

TTY

515.278 0571

E-mail:

info@ipna.org

●

When conducting a full investigation of alleged abuse or neglect, protection and advocacy agents are mandated by federal law to have unaccompanied access to your facility. 45 C.F.R. § 1386.22(h) (2001). This access authority includes the opportunity for protection and advocacy agents to:

[I]nterview any facility service recipient, employee, or other person, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation; and to inspect, view and photograph all areas of the facility's premises that might be reasonably believed by the system to have been connected with the incident under investigation.

45 C.F.R. §1386.22(f) (2001).

Federal regulations also allow Iowa P & A access to your facility for the purpose of "inspecting, viewing and photographing all areas of the facility which are used by residents or are accessible to residents." 42 C.F.R. § 51.42(c) (2001).

In connection with investigations prompted by complaints or under probable cause, Iowa P & A agents have the authority to access the records of the residents of your facility. 42 U.S.C. § 15043(a)(2)(I)(i) (2000) and 42 U.S.C. § 15043(a)(2)(J)(ii) (2000). If the resident whose records are sought is a client of Iowa P & A then Iowa P & A agents are authorized by statute to have immediate access to their records. 42 U.S.C. § 15043(a)(2)(I)(ii) (2000) and 42 U.S.C. § 15043(a)(2)(J)(ii) (2000). If the resident whose records are sought is dead or has disappeared, Iowa P & A agents are authorized by statute to have immediate access to their records. If the resident whose records are sought is not a Iowa P&A client and has a legal guardian (including parent), Iowa P & A agents are authorized by statute to have access to their records within 3 business days of a written request for those records. 42 U.S.C. § 15043(a)(2)(I)(iii) (2000) and 42 U.S.C. § 15043(a)(2)(J)(i) (2000).

Per Federal regulations, "if a system is denied access to facilities . . . individuals with developmental disabilities, or records . . . it shall be provided promptly with a written statement of the reasons [for the denial] . . . ." 45 C.F.R. § 1386.22(i) (2001).

I appreciate your cooperation with our staff so that we can fulfill our federal mandate.

Sincerely,

IOWA PROTECTION & ADVOCACY SERVICES, INC.
Sylvia Piper
Executive Director

# AFFIDAVIT

STATE OF IOWA        :
                     : ss
COUNTY OF POLK      :

         I, Marsha Gelina, of 6511 Del Matro Avenue, Des Moines, Iowa, being first duly sworn upon my oath, depose and state:

1.      I am currently employed as a Rights Advocate and Investigator for Iowa Protection and Advocacy Services, Inc., and have been employed as such since May of 1992.

2.      In the course of my employment I conduct abuse, neglect and death investigations at care and treatment facilities on behalf of Iowa Protection and Advocacy Services, Inc. when abuse, neglect or death of an individual occurs while receiving care and treatment from a public or private facility.

3.      On February 1, 2002, I accompanied co-workers David Parr and Bonnie Kern to investigate the physical assault of a resident in Victorian Acres at 4201 N.E. 56th Street, Altoona, IA.

4.      Eric Kantu, a Victorian Acres employee, met us in the parking lot as we were getting out of the car. We introduced ourselves, individually, as being with Iowa Protection and Advocacy Services Inc.

5.      Mr. Kantu informed us that we needed to leave because we were on private property and that Victorian Acres policy didn't allow unannounced guests.

6.      At this time another employee, Melissa Gonzalez, came outside to join Mr. Kantu. Ms. Gonzalez said that we were on private property and asked us to leave.

7.      I witnessed David Parr hand Ms. Gonzalez our facility access letter and probable cause access letter granting legal authority to access the facility, premises and residents to conduct an investigation.

8.      I witnessed David Parr inform Ms. Gonzalez and Mr. Kantu that Iowa Protection and Advocacy Services has federal authority to access Victorian Acres, that we have probable cause to believe a physical assault took place at Victorian Acres and our agency was there to conduct an investigation.

9.      Ms. Gonzalez walked back inside Victorian Acres as a third employee, Julie, came outside. She stated that she was not comfortable, at that time, giving her last name.

initials

EXHIBIT

10. I asked Mr. Kantu and Julie if they understood that our agency is federally mandated to have access to Victorian Acres. David Parr was taking photographs at this time.

11. It was apparent to me that Victorian Acres employees were not going to let us have access to the facility.

12. David, Bonnie and I peacefully left the facility grounds.

Further affiant sayeth not.

_Marsha Gelina_      _2-7-02_
Marsha Gelina           Date

Subscribed and sworn to before me a Notary Public this _7th_ day of February, 2002, by Marsha Gelina.

**JOYCE M. SCHNEIDER**
Commission Number 185996
My Commission Expires
_8-12-2002_

_Joyce M. Schneider_
Notary Public in and for said County and State

# AFFIDAVIT

STATE OF IOWA       :
                 : ss

COUNTY OF POLK     :

        I, Bonnie Kern, of 3857 E. Jefferson Avenue, Des Moines, Iowa, being first duly sworn upon my oath, depose and state:

1. I am currently employed as a Rights Advocate and Investigator for Iowa Protection and Advocacy Services, Inc., and have been employed as such since November of 2001.

2. In the course of my employment I conduct abuse, neglect and death investigations at care and treatment facilities on behalf of Iowa Protection and Advocacy Services when abuse, neglect or death of an individual occurs while receiving care and treatment from a public or private facility.

3. On February 1, 2002, I accompanied co-workers David Parr and Marsha Gelina to investigate the physical assault of a resident in Victorian Acres at 4201 N.E. 56th Street, Altoona, IA.

4. Eric Kantu, a Victorian Acres employee, met us in the parking lot as we were getting out of the car. We introduced ourselves, individually, as being with Iowa Protection and Advocacy Services Inc.

5. Mr. Kantu informed us that we needed to leave because we were on private property and that Victorian Acres policy didn't allow unannounced guests.

6. At this time another employee, Melissa Gonzalez, came outside to join Mr. Kantu. Ms. Gonzalez said that we were on private property and asked us to leave.

7. I witnessed David Parr hand Ms. Gonzalez our facility access letter and probable cause access letter granting legal authority to access the facility, premises and residents to conduct an investigation.

8. I witnessed David Parr inform Ms. Gonzalez and Mr. Kantu that Iowa Protection and Advocacy Services has federal authority to access Victorian Acres, that we have probable cause to believe a physical assault took place at Victorian Acres and our agency was there to conduct an investigation.

9. I observed Ms. Gonzalez walk back inside Victorian Acres with the access letters as a third employee, Julie, came outside. Julie stated that she was not comfortable, at that time, giving her last name.

initials:_____



EXHIBIT

10.    I witnessed Mr. Kantu and Julie being asked if they understood that our agency is federally mandated to have access to Victorian Acres. I observed them nodding their heads affirmatively.

11.    I witnessed David Parr taking pictures of the outside of the facility at this time. I heard Julie ask David to stop taking pictures or they would call the police.

12.    David, Marsha and I then left the facility grounds.


Further affiant sayeth not.


_Bonnie Kern_                   _02-07-02_
Bonnie Kern                 Date

Subscribed and sworn to before me a Notary Public this _7th_ day of February, 2002, by Bonnie Kern.


_Joyce M. Schneider_
Notary Public in and for said County and State

JOYCE M. SCHNEIDER
Commission Number 185996
My Commission Expires
8-12-2002

# AFFIDAVIT

STATE OF IOWA          :

                               : ss

COUNTY OF POLK       :

        I, David Parr, of 529 S.W. Southlawn Drive, Ankeny, Iowa, being first duly sworn upon my oath, depose and state:

1. I am currently employed as a Rights Advocate and Investigator for Iowa Protection and Advocacy Services, Inc., and have been employed as such since January of 2002.

2. In the course of my employment I conduct abuse, neglect and death investigations at care and treatment facilities on behalf of Iowa Protection and Advocacy Services when abuse, neglect or death of an individual occurs while receiving care and treatment from a public or private facility.

3. Iowa Protection and Advocacy Services received information from a call into our agency that a resident of Victorian Acres, located at 4201 N.E. 56th Street, Altoona, Iowa, had been physically assaulted.

4. On February 1, 2002, I accompanied co-workers Marsha Gelina and Bonnie Kern to Victorian Acres in order to investigate the physical assault report.

5. Eric Kantu, a Victorian Acres employee, met us in the parking lot as we were getting out of the car. We introduced ourselves, individually, as being with Iowa Protection and Advocacy Services Inc.

6. Mr. Kantu informed us that we needed to leave because we were on private property and that Victorian Acres policy didn't allow unannounced guests.

7. At this time another employee, Melissa Gonzalez, came outside to join Mr. Kantu. Ms. Gonzalez said that we were on private property and asked us to leave.

8. I personally presented Ms. Gonzalez our facility access letter and probable cause access letter granting legal authority to access the facility, premises and residents to conduct an investigation.

9. I verbally notified Ms. Gonzalez and Mr. Kantu that Iowa Protection and Advocacy Services has federal authority to access Victorian Acres, that we have probable cause to believe a physical assault took place at Victorian Acres and our agency was there to conduct an investigation.

Page one of two                            initials:_____



EXHIBIT

F

10. Ms. Gonzalez walked back inside Victorian Acres as a third employee, Julie, came outside. She stated that she was not comfortable, at that time, giving her last name.

11. I witnessed Marsha Gelina ask Mr. Kantu and Julie if they understood that our agency is federally mandated to have access to Victorian Acres. Julie said that we were on private property and needed to leave.

12. I had started taking pictures of the outside of the facility by this time. Julie told me that we needed to leave and that she would call the police if I took any more photographs.

13. Marsha, Bonnie and I left the facility grounds.

14. Subsequent to visiting this facility, I received additional allegations of ongoing abuse and neglect to the residents of Victorian Acres.

Further affiant sayeth not.



_____     _____
David Parr                    Date

Subscribed and sworn to before me a Notary Public this 25th day of February, 2002, by David Parr.

JOYCE M. SCHNEIDER
Commission Number 185996
My Commission Expires
8-12-2002

_____
Notary Public in and for said County and State